UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO: 25-25-SDD-SDJ |
| *Versus* : | |
| : | |
| RICHARD KINNEY, JR. : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION TO OFFER
OTHER ACTS EVIDENCE**

NOW INTO COURT, through undersigned appointed counsel, comes Defendant, Richard Kinney, Jr., who files this Opposition to the Government's Motion to Offer Other Acts Evidence, and respectfully shows:

## I. INTRODUCTION

The Government seeks to introduce a series of post-arrest statements as "other acts" evidence under Federal Rule of Evidence 404(b) to prove intent and motive. This request fails under the Fifth Circuit's two-step *Beechum* framework, the heightened scrutiny applied to Rule 404(b) evidence in criminal cases, and the rigorous Rule 403 balancing required when the risk of unfair prejudice is substantial.

The proffered statements add little, if anything, to the Government's proof of the charged offenses. Instead, they invite precisely the inference Rule 404(b) forbids: that because Mr. Kinney allegedly engaged in drug transactions in the past, he therefore intended to distribute drugs and possessed a firearm in furtherance of trafficking on the charged date. The motion

*Page 1 of 10*

should be denied. At a minimum, the Court should conduct a contradictory evidentiary hearing, require a detailed proffer with corroboration, and sharply limit any admissible evidence with explicit on-the-record findings.

## II. BACKGROUND

The superseding indictment charges Mr. Kinney with possession with intent to distribute clonazolam, 50 or more grams of methamphetamine, and 40 or more grams of fentanyl (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and possession of a firearm by a convicted felon (Count Three).

Following a January 27, 2025 traffic stop, officers allegedly recovered approximately 34 clonazolam pills, approximately 47.5 grams of fentanyl, approximately 853 grams of methamphetamine, a digital scale, packaging material, and a Smith & Wesson 9mm pistol.

The Government asserts that Mr. Kinney made custodial statements on two separate occasions. First, following the January 27, 2025, traffic stop, agents report that Mr. Kinney made statements concerning ownership and source of the controlled substances and firearm recovered during the stop. The Government characterizes portions of these traffic-stop statements as intrinsic admissions directly bearing on the charged offense.

Second, the Government contends that during a subsequent February 20, 2025, custodial interview at the Livingston Parish Detention Center, after *Miranda* warnings and an alleged waiver of rights, Mr. Kinney made additional statements concerning alleged prior drug sales, suppliers, pricing terms, outstanding debts, and prospective distribution plans. According to the Government, these jail-interview statements include allegations that Mr. Kinney sold drugs to

fund lodging expenses, supplied ounce-level quantities of methamphetamine to others, maintained a running account with an alleged supplier known as "Metron Craft," owed money on prior transactions, planned with an individual identified as "Jane Doe" to establish a methamphetamine distribution operation, and obtained fentanyl from an additional source in New Orleans.

The Government maintains that some portions of the February interview constitute intrinsic admissions, while other portions are extrinsic "other acts" evidence. It seeks to introduce the latter category under Rule 404(b), including statements concerning alleged prior distributions, pricing arrangements, and outstanding debts, for the stated purposes of proving intent to distribute the charged drugs and motive to possess a firearm in furtherance of drug trafficking.

### III. LEGAL STANDARD

#### A. Heightened Scrutiny in Criminal Cases

The Fifth Circuit has repeatedly held that Rule 404(b) evidence in criminal cases is subject to heightened scrutiny. While evidentiary rulings are generally reviewed for abuse of discretion, "review is necessarily heightened in criminal cases" because extrinsic act evidence carries an acute risk of unfair propensity inferences. *United States v. Stuart*, 132 F.4th 892 (5th Cir. 2025); *United States v. Meyer*, 63 F.4th 1024 (5th Cir. 2023); *United States v. Bentley-Smith*, 2 F.3d 1368 (5th Cir. 1993).

This heightened standard reflects the requirement that evidence "be strictly relevant to the particular offense charged." *United States v. Hawley*, 516 F.3d 264 (5th Cir. 2008); *United States*

*v. Olguin*, 643 F.3d 384 (5th Cir. 2011).

    **B.**    **The *Beechum* Two-Step Framework**

Under *United States v. Beechum*, 582 F.2d 898 (1978), the Court must conduct a two-step inquiry: First, the Court must determine whether the extrinsic act evidence is relevant to an issue other than character. Second, the Court must determine whether the evidence's probative value is substantially outweighed by unfair prejudice under Rule 403. Both steps must be applied rigorously, and the Fifth Circuit requires on-the-record articulation of the Court's reasoning to permit meaningful appellate review.

    **C.**    **Conditional Relevance Under Rule 104(b)**

Where the Government's Rule 404(b) theory depends on preliminary facts, such as identity of alleged associates, timing, continuity, or transactional details, the Court must determine whether a reasonable jury could find those facts by a preponderance of the evidence before the evidence may be admitted. *United States v. Anderson*, 933 F.2d 1261 (5th Cir. 1991); *United States v. Gutierrez-Mendez*, 752 F.3d 418 (5th Cir. 2014).

## IV. ARGUMENT

    **A.**    **The Government Fails *Beechum* Step One Because the Proffered Statements Are Propensity Evidence Disguised as "Intent" and "Motive"**

The Government asserts that prior alleged drug transactions and planning activity demonstrate Mr. Kinney's intent to distribute and motive to possess a firearm. This is classic character-to-conduct reasoning: because Mr. Kinney allegedly sold drugs before, he therefore intended to distribute drugs and possessed a firearm in furtherance of trafficking on the charged date.

Critically, the Government never identifies a non-character issue for which extrinsic-act evidence is actually necessary. It does not explain why the alleged seizure of large quantities of methamphetamine and fentanyl, combined with packaging material, a digital scale, and firearm evidence (which the Government claims was "saturated in drug residue"), is insufficient to address intent or the firearm nexus based on the charged conduct alone. Nor does it articulate how any specific statement supplies incremental probative value beyond the evidence arising from the traffic stop itself. Absent a concrete non-character purpose that cannot be adequately addressed through the charged-event evidence, *Beechum* step one is not satisfied. Rule 404(b) does not permit the Government to introduce prior acts merely to create an unnecessary dogpile on Mr. Kinney and portray him as a drug dealer by character.

The Government's own motion underscores this defect. It expressly characterizes several post-arrest statements, including statements (e), (f), (g), and (h),[1] as intrinsic admissions bearing directly on the charged offense, while simultaneously attempting to classify other portions of the same custodial interview as extrinsic "other acts" evidence. Yet the Government never meaningfully separates these theories or explains why the purported intrinsic admissions are insufficient to address intent and firearm nexus without resort to additional character-laden allegations. This internal inconsistency underscores that the Rule 404(b) proffer is not directed toward resolving a non-character evidentiary issue requiring extrinsic-act proof, but instead functions to expand the narrative beyond the charged conduct and risk improper character-based inferences.

---

[1] For clarity, references to lettered statements such as "(b)," "(c)," or "(j)" correspond to the Government's own lettering scheme used in its Rule 404(b) motion to identify specific statements.

**B.     Even If Marginally Relevant, the Statements Must Be Excluded Under Rule 403 Because Their Incremental Probative Value Is Minimal and Their Prejudicial Impact Is Substantial**

**(1)     Incremental Probative Value Is Limited**

The Government already possesses substantial same-occasion evidence commonly used to prove intent to distribute and firearm nexus: large drug quantities, packaging material, a digital scale, and a firearm allegedly bearing drug residue. Introducing alleged prior transactions adds little beyond an impermissible propensity overlay.

When the charged-event evidence already addresses the contested elements, extrinsic acts carry minimal incremental probative value. In this posture, Rule 404(b) evidence becomes cumulative and prejudicial rather than genuinely probative.

**(2)     Temporal Attenuation and Vagueness Further Reduce Probative Force**

Many of the Government's proffered statements lack meaningful temporal specificity. While one alleged plan is dated "on or about January 25, 2025," the purported multi-ounce distributions to "Jane Doe" are undated and loosely framed. The absence of concrete timing, continuity, or corroboration weakens any inferential connection to the charged offense while magnifying the danger that the jury will treat the evidence as a broad character portrait.

**(3)     The Risk of Unfair Prejudice, Confusion, and Mini-Trials Is Substantial**

The Government seeks to introduce granular details regarding alleged pricing structures, running tabs, debts, and third-party suppliers. These details invite collateral mini-trials about uncharged conduct and unnamed third parties, risk jury confusion, and encourage conviction

based on perceived criminal disposition rather than proof of the charged offense.

Under *Beechum*'s second step, this combination—low incremental probative value, temporal attenuation, and pronounced propensity risk—requires exclusion.

### C. The Government Has Not Satisfied Rule 104(b) Conditional Relevance Requirements

The Government's proffer relies almost entirely on Mr. Kinney's custodial statements to establish alleged supplier identities, transaction histories, pricing terms, and outstanding debts. Without independent corroboration, the Government cannot satisfy Rule 104(b)'s threshold that a reasonable jury could find these preliminary facts by a preponderance of the evidence.

Even if the Court were to find conditional relevance, the same evidentiary weaknesses that undermine sufficiency also diminish probative value and heighten unfair prejudice, reinforcing exclusion under Rule 403.

### D. Allowing "Motive for Firearm Possession" Based on Generalized Drug History Improperly Collapses the § 924(c) Nexus Requirement

Permitting generalized drug-trafficking history to establish firearm "motive" risks collapsing the statutory nexus requirement into a character inference. Section 924(c) requires proof that the firearm was possessed "in furtherance of" the charged trafficking offense—not simply that the defendant has a background in drug activity. Rule 404(b) cannot be used to transform that specific nexus requirement into a character-based shortcut.

### E. The Court Should Apply Heightened Scrutiny and Make Explicit On-the-Record Findings

If the Court considers admitting any portion of the Government's proffer, it should first make specific findings addressing: 1) the precise non-character purpose for each statement; 2)

the incremental probative value relative to charged-event evidence; 3) temporal proximity and contextual linkage; 4) Rule 104(b) sufficiency; and 5) why any probative value is not substantially outweighed by Rule 403 dangers. Absent such findings, admission would be improper under Fifth Circuit precedent.

### F.     If Any Evidence Is Admitted, the Scope Must Be Narrowly Limited

If the Court admits any portion of the proffer, it should: 1) exclude pricing figures, alleged debts, and volume quantities; 2) exclude any reference to "network" building or organizational activity; 3) preclude naming or detailing uncharged third parties; 4) strictly confine use to the articulated non-character purpose; and 5) provide strong contemporaneous and final limiting instructions. These safeguards are necessary to mitigate unfair prejudice and prevent misuse of the evidence.

### V.  CONCLUSION

In sum, the Government's motion fails at each required analytical step. The proffered statements are not tied to a non-character purpose requiring extrinsic-act evidence and therefore fail *Beechum* step one. Even if marginally relevant, the statements provide little incremental probative value beyond the charged-event evidence and are substantially outweighed by the dangers of unfair prejudice, confusion, and improper propensity reasoning under Rule 403. The Government has also failed to satisfy Rule 104(b)'s conditional relevance requirements, and its reliance on generalized drug-history evidence to establish firearm "motive" improperly collapses the statutory nexus required under 18 U.S.C. § 924(c).

Under *Beechum*, Rule 403, Rule 104(b), and the Fifth Circuit's heightened scrutiny

standard, the Government's proffered Rule 404(b) evidence should be excluded. In the alternative, the Court should conduct a contradictory evidentiary hearing, require a detailed corroborated proffer, and narrowly tailor any admitted evidence with robust limiting instructions.

This motion is based on the record in this matter and any additional evidence, testimony, or argument presented at hearing.

WHEREFORE, Defendant respectfully requests that, following the evidentiary hearing currently scheduled by the Court, the Government's motion be denied.

RESPECTFULLY SUBMITTED:

 s/ Michael A. Fiser
MICHAEL A. FISER
The Fiser Law Firm, LLC
1055 Laurel Street
Baton Rouge, LA 70802
Phone: (225)343-5059
Email: michael@fiserlaw.com
Bar Roll No: 28575
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 30, 2026, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to AUSA Robert Piedrahita by operation of the Court's electronic filing system.

                                              s/ Michael A. Fiser
                                              MICHAEL A. FISER